UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIM L. VICTOR,
VMKV, a minor by Kim L.
Victor, Legal Guardian,

    *Plaintiffs*,                          CASE NO: 11-CV-13103

*v.*                                        DISTRICT JUDGE THOMAS L. LUDINGTON
                                           MAGISTRATE JUDGE CHARLES E. BINDER

DOUGLAS C. DOSSON,
THOMAS A. SWANSON,

    *Defendants*.
_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
## PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

**I.    RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED** because the Complaint seeks monetary relief against two Defendants who are immune from such relief.

**II.    REPORT**

    **A.    Introduction**

On July 18, 2011, Plaintiff Kim L. Victor, a citizen of Madison, Ohio, filed this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff's application to proceed without prepayment of fees was granted pursuant to the *in forma pauperis* statute. 28 U.S.C. § 1915(a)(1). The case was referred to the undersigned magistrate judge for pretrial proceedings. (Doc. 4.) After screening the *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), I find that the case is ready for report and recommendation.

**B.      Screening Procedure & Governing Law**

In enacting the original *in forma pauperis* ("IFP") statute, Congress recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Therefore, Congress enacted a screening procedure, *see* 28 U.S.C. § 1915(e)(2)(B), which requires that the court review all complaints where the plaintiff is proceeding IFP and *sua sponte* dismiss a case before service of process if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

When a plaintiff is proceeding without the assistance of counsel, the court is required to liberally construe the document and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). Rule 8(a) sets forth the basic federal pleading requirement that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Rule 8 requires only that the complaint give the defendant fair notice of the claim and its supporting facts." *E.E.O.C. v. J.H. Routh Packing Co.*, 246 F.3d 850, 854 (6th Cir. 2001). Despite this relatively low threshold, a complaint must nevertheless contain more than legal labels, conclusions, and a recitation of the elements of a cause of action; it must also contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the conduct about which he complains was committed by a person acting under the color of state law and (2) the conduct deprived him of a federal constitutional or statutory right. In addition, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant and he must allege an affirmative link between the injury and the conduct of that defendant. *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976).

The Sixth Circuit has "held that the district courts are not to permit plaintiffs to amend a complaint to avoid dismissal." *Cantley v. Armstrong*, No. 09-1092, 2010 WL 3245548, at * 1 (6th Cir. Aug. 17, 2010) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999)). *See also Shorter v. Campbell*, 59 Fed. App'x 673, 675 (6th Cir. 2003) ("As the plaintiffs' complaint was dismissible under 42 U.S.C. §§ 1915(e) and 1915A, they did not have the right to amend their complaint prior to dismissal.") This rule is strictly followed in this district. *See Ashley v. Wilson*, No. 10-10512, 2010 WL 1246525, at *1 (E.D. Mich. March 25, 2010); *Corrion v. Ludwick*, No. 09-11531, 2009 WL 3273737, at *1 (E.D. Mich. Oct. 13, 2009); *McGore v. Lutz*, No. 09-13031, 2009 WL 2959874, at *1 (E.D. Mich. Sept. 11, 2009). Furthermore, a plaintiff may not repair a complaint's fatal deficiencies by correcting them in his objections to a report and recommendation. *Williams v. Lowe*, No. 1:08-CV-375, 2008 WL 5411838, at *1 (W.D. Mich. Dec. 23, 2008).

**C.     Plaintiff's Claims**

In the Complaint, Plaintiff Kim L. Victor, who states that he is proceeding on behalf of himself and his minor child, VMK,[1] alleges that his civil rights were violated by Douglas C.

---

[1] On July 29, 2011, the Court informed Plaintiff that, in federal court, parents are not allowed appear *pro se* on behalf of their minor children and ordered Plaintiff to show cause why the minor child should not be dismissed for not being represented by a licensed attorney. (Doc. 6.) Plaintiff responded with a request that this Court appoint counsel to represent the minor. (Doc. 7.) This issue will be moot if the recommendation set forth herein is adopted.

3

Dosson, Chief Judge of the Probate Court in Roscommon County, Michigan, and Thomas A. Swanson, Roscommon County Friend of the Court Referee. He claims that in July 2009 Defendants Dosson and Swanson conspired to ignore clearly-established Michigan legal precedent, which violated his federal rights to Due Process and Equal Protection of the law. (Compl. ¶ 6.)

With regard to Defendant Swason, Plaintiff alleges that he "arbitrarily and capriciously produced a manipulated child support recommendation that continually favored the other party . . ." and thus denied Plaintiff's rights. (*Id.* ¶ 7.) He further alleges that Defendant Swanson violated his rights "by not scheduling (notice of hearings) for motions and over 110 (one hundred and ten) filed parenting time 21 day notice complaints filed to the Friend of the Court during the years 2007, 2008, and 2009." (*Id.* ¶ 8.) Plaintiff also alleges that Defendant Swanson "blatantly ignored" law and precedent "by not recommending supervised visitation to the Plaintiff . . ." (*id.* ¶ 10) and refused to allow Plaintiff to make all of his arguments during court hearings. (*Id.* ¶ 11.) Plaintiff claims that Defendant Swanson was "emotionally compromised" because of his "personal relationship with the Plaintiff." (*Id.* ¶ 13.) Ultimately, he claims that Defendant Swanson produced recommendations and orders that were not in the best interest of the minor child, were against the recommendations of expert doctors and mental therapists, and were against the weights of clearly established Michigan precedent. (*Id.* ¶ 14.)

With regard to Defendant Judge Dosson, Plaintiff claims that he refused to allow Plaintiff to make all of his relevant arguments during hearings (*id.* ¶ 15), that the judge issued an opinion and order on a motion for transfer of jurisdiction that was arbitrary and capricious as well as late (*id.* ¶ 16), that the judge issued an order with regard to the minor child that put parenting time before education (*id.* ¶ 17), that the judge issued an order that blatantly contradicted an order from

another court (*id.* ¶ 18), and that the judge arbitrarily and capriciously refused to sign subpoenas for Plaintiff's *res gestae*, expert, lay and corroborating witnesses. (*Id.* ¶ 20.)

As relief, Plaintiff seeks a total of $18 million from each defendant in pecuniary damages, punitive damages, consequential damages, irreparable damages, and special damages. (*Id.* at 15-16.)

### D.     Analysis & Conclusion

Plaintiff has sued a state court judge and a state friend-of-the court referee. He has asserted claims against them in both their official and individual capacities.

#### 1.     Official Capacity Claims

The Supreme Court has ruled that "a suit against a governmental officer 'in his official capacity' is the same as a suit against the entity of which the officer is an agent." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2, 117 S. Ct. 1734, 138 L. Ed. 2d 1 (1997) (internal quotations and citations omitted). Therefore, suing Defendants Dosson and Swanson in their official capacities is the same as suing the State of Michigan. The law is clear, however, that regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Since Congress has not abrogated Eleventh Amendment immunity by statute nor did it do so under § 1983, *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993), and Michigan has not consented to suit, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir.

2004), I suggest that both Defendants are entitled to Eleventh Amendment immunity for all claims brought against them in their official capacities.

### 2. Personal Capacity Claims

Judges have absolute immunity from civil rights actions seeking money damages for actions performed in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991). Other court officers, such as a friend-of-the-court referee, also "enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions." *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988) (citing *Pierson v. Ray*, 386 U.S. 547, 553-54, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); *see also Nowicki v. Bruff*, No. 95-2233, 1996 WL 694141 (6th Cir. Dec. 3, 1996) (friend-of-the-court employees entitled to quasi-judicial immunity from suit for money damages) (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)). This immunity applies even if the action taken by the defendant "was in error, was done maliciously, or was in excess of his authority." *Stump*, 435 U.S. at 356-57. Judicial immunity can only be overcome in two circumstances: (1) when the actions were not taken in the judge's official capacity; or (2) if the action is taken in complete lack of jurisdiction. *Mireles*, 502 U.S. at 11-12.

Plaintiff in this case alleges that Defendant Judge Dosson limited the arguments Plaintiff was allowed to present during hearings, issued a court order that was arbitrary and capricious, issued late court orders, issued an order that put parenting time before education, issued an order that contradicted an order from another court, and limited the *res gestae*, expert, lay and corroborating witnesses Plaintiff wished to present. (Compl. ¶¶ 15-20.) Issuing orders and managing the docket of court proceedings are the primary functions of a judge, and therefore I suggest that all of these actions clearly qualify as actions taken in Defendant Dosson's judicial

capacity and jurisdiction. Accordingly, I suggest that Plaintiff's complaint fails to state a claim against Defendant Judge Dosson because he is entitled to absolute judicial immunity.

With regard to Defendant Swanson, Plaintiff alleges that he manipulated his child support recommendations, failed to schedule timely hearings, ignored law and precedent in rulings that went against Plaintiff, refused to allow Plaintiff to make all of his arguments during court hearings, made recommendations and orders that were not in the best interest of the minor child, and made recommendations that went against the opinions of expert doctors and mental therapists as well as against clearly established Michigan legal precedent. (Compl. ¶¶ 7-14.) Making recommendations and rulings are some of the key functions of a referee, and therefore I suggest that all of these actions clearly qualify as actions taken in Defendant Swanson's capacity and jurisdiction as the Roscommon County Friend of the Court Referee. With regard to Plaintiff's claim that Defendant Swanson was "emotionally compromised" because of his "personal relationship with the Plaintiff" (*id.* ¶ 13), I suggest that while this may be grounds for an inquiry into bias on the part of the referee, it does not rise to the level of a civil rights violation addressable in federal court.

The only allegation in the Complaint that might imply action taken outside of the scope of Defendant's duties as judge and referee is the claim that Defendants "conspired to ignore clearly-established Michigan legal precedent" in making rulings that went against Plaintiff's interests. Plaintiff, however, has not alleged any facts in support of this assertion, and a conclusory allegation of conspiracy does not state a claim. *See Gutierrez v. Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987) (vague and conclusory allegations of conspiracy unsupported by material facts will not be sufficient to state such a claim under § 1983).

Accordingly, I suggest that the case be *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiff seeks monetary relief from two Defendants who are immune from such relief.

## III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." FED. R. CIV. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

                                                     s/ Charles E Binder
                                                     CHARLES E. BINDER
Dated: September 21, 2011                United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, and electronically served on Kim Victor.

Date: September 21, 2011          By     s/*Jean L. Broucek*
                                  Case Manager to Magistrate Judge Binder