UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KIM L. VICTOR,
VMKV, a minor by Kim L.
Victor, Legal Guardian,

      Plaintiffs,                          Case Number 11-13103

v.                                   Honorable Thomas L. Ludington

DOUGLAS C. DOSSON,
THOMAS A. SWANSON,

      Defendants.

_____/

## OPINION AND ORDER OVERRULING PLAINTIFFS' OBJECTIONS, ADOPTING JUDGE BINDER'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

On July 18, 2011, Plaintiff Kim L. Victor, a citizen of Madison, Ohio, filed this pro se civil rights action under 42 U.S.C. § 1983 on behalf of himself and a minor child. Plaintiffs' application to proceed without prepayment of fees was granted pursuant to the in forma pauperis statute. 28 U.S.C. § 1915(a)(1). The case was referred to Magistrate Judge Charles Binder for pretrial proceedings. ECF No. 4. Judge Binder issued a report and recommendation on September 21, 2011, recommending that Plaintiffs' complaint be sua sponte dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because Plaintiffs seek monetary relief from Defendants who are immune from such relief. Plaintiffs filed an objection to Judge Binder's report and recommendation on October 3, 2011. For the reasons provided herein, Plaintiffs' objections will be overruled, Judge Binder's report and recommendation will be adopted, and Plaintiffs' complaint will be dismissed with prejudice.

I

Judge Binder's report and recommendation summarizes Plaintiffs claims as follows:

In the Complaint, Plaintiff Kim L. Victor, who states that he is proceeding on behalf of himself and his minor child, VMK, alleges that his civil rights were violated by Douglas C. Dosson, Chief Judge of the Probate Court in Roscommon County, Michigan, and Thomas A. Swanson, Roscommon County Friend of the Court Referee. He claims that in July 2009 Defendants Dosson and Swanson conspired to ignore clearly-established Michigan legal precedent, which violated his federal rights to Due Process and Equal Protection of the law. (Compl. ¶ 6.)

With regard to Defendant Swason, Plaintiff alleges that he "arbitrarily and capriciously produced a manipulated child support recommendation that continually favored the other party . . . " and thus denied Plaintiff's rights. (*Id*. ¶ 7.) He further alleges that Defendant Swanson violated his rights "by not scheduling (notice of hearings) for motions and over 110 (one hundred and ten) filed parenting time 21 day notice complaints filed to the Friend of the Court during the years 2007, 2008, and 2009." (*Id*. ¶ 8.) Plaintiff also alleges that Defendant Swanson "blatantly ignored" law and precedent "by not recommending supervised visitation to the Plaintiff . . . " (*id*. ¶ 10) and refused to allow Plaintiff to make all of his arguments during court hearings. (*Id*. ¶ 11.) Plaintiff claims that Defendant Swanson was "emotionally compromised" because of his "personal relationship with the Plaintiff." (*Id*. ¶ 13.) Ultimately, he claims that Defendant Swanson produced recommendations and orders that were not in the best interest of the minor child, were against the recommendations of expert doctors and mental therapists, and were against the weights of clearly established Michigan precedent. (*Id*. ¶ 14.)

With regard to Defendant Judge Dosson, Plaintiff claims that he refused to allow Plaintiff to make all of his relevant arguments during hearings (*id*. ¶ 15), that the judge issued an opinion and order on a motion for transfer of jurisdiction that was arbitrary and capricious as well as late (*id*. ¶ 16), that the judge issued an order with regard to the minor child that put parenting time before education (*id*. ¶ 17), that the judge issued an order that blatantly contradicted an order from another court (*id*. ¶ 18), and that the judge arbitrarily and capriciously refused to sign subpoenas for Plaintiff's res gestae, expert, lay and corroborating witnesses. (*Id*. ¶ 20.)

As relief, Plaintiff seeks a total of $18 million from each defendant in pecuniary damages, punitive damages, consequential damages, irreparable damages, and special damages. (*Id*. at 15-16.)

ECF No. 8.

## II

Plaintiffs provide a number of general objections and disagreements with Judge Binder's

report and recommendation and their general policy disagreement with the binding legal precedent

applied therein. "A general objection to the magistrate's report has the same effect as a failure to object" and an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in the context of Federal Rule of Civil Procedure 72. *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747-48 (E.D. Mich. 2004). Plaintiffs' three discernible, specific objections to Judge Binder's conclusions will be addressed below.

### A

Plaintiffs first object to Judge Binder's application of the Prisoner Litigation Reform Act to screen the complaint before service of process was made on Defendants. Judge Binder, however, applied the screening procedure required by 28 U.S.C. § 1915(e)(2)(B), the statute governing in forma pauperis proceedings. Plaintiffs applied to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) and their request was granted. ECF Nos. 2, 5. Judge Binder thus appropriately screened Plaintiffs' complaint before service of process was made to determine if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Plaintiffs' objection will be overruled.

### B

Plaintiffs also object to Judge Binder's summary of the claims that do not mention or comment on "very substantial claims" that are cognizable in the complaint. Plaintiffs do not identify the additional claims they believe have been omitted and, upon reviewing the complaint, the Court is unable to identify any additional claims that Judge Binder may have omitted. Plaintiffs' objection will thus be overruled.

**C**

Plaintiffs next provide many objections regarding Judge Binder's conclusion that Defendants are immune from suits seeking monetary damages. A significant portion of Plaintiffs' objection provides arguments related to immunities afforded to local governments and municipalities and the inapplicability of qualified immunity. Because the claims against Defendants in their official capacities are, in effect, claims against the State of Michigan and absolute immunity applies, these arguments are inapplicable. *See McMillian v. Monroe County, Ala.*, 520 U.S. 781, 785 n.2 (1997); *Hutzell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993). Plaintiffs also argue that they may bring claims against state officers in their official capacity for prospective or injunctive relief. *Hafer v. Melo*, 502 U.S. 25, 31 (1991). These arguments are likewise inapplicable because Plaintiffs are seeking monetary damages from Defendants. *Stump v. Sparkman*, 435 U.S. 349 (1978). Plaintiffs' objections on this issue are overruled.

Plaintiffs also contend that Judge Binder erred in recommending dismissal of the claims against Defendants in their personal capacities because state officers may be held personally liable for damages under § 1983 based upon actions taken in their official capacities. *Hafer*, 502 U.S. at 31. In order for state officers to be held liable under such a circumstance, however, he or she must have deprived another of a federal right under the color of state law. *Id.* Plaintiffs conclusively state that they were deprived of a constitutional interest but this objection is not sufficient "to alert the Court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Plaintiffs' objection does not address Judge Binder's well-reasoned disposition of the issues of judicial immunity for Defendant Dosson in his official capacity or his conclusion that Plaintiffs' suggestion of bias by Defendant Swanson does not rise to the level of a

civil rights violation addressable in federal court. *See id.* at 747-48. ("A general objection to the magistrate's report has the same effect as a failure to object."). Plaintiffs' objection on this issue is overruled.

Plaintiffs' final objection is to Judge Binder's recommendation to dismiss the claim that Defendants conspired to ignore clearly established law because Plaintiffs offer no more than conclusory allegations. Plaintiffs contend that Judge Binder applied a summary judgment standard in his report and recommendation. Judge Binder did not recommend granting summary judgment; he did recommend dismissing the claim because Plaintiffs' conspiracy allegations in the complaint are insufficient to state a claim pursuant to § 1983, accepting the allegations as true. The claim is thus subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and Plaintiffs' objection is overruled.

## III

Accordingly, it is **ORDERED** that Plaintiffs' objections (ECF No. 9) are **OVERRULED**.

It is further **ORDERED** that Judge Binder's report and recommendation (ECF No. 8) is **ADOPTED**.

It is further **ORDERED** that Plaintiffs' complaint is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 20, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon Kim L Victor, at 6424 N. Ridge Road, Madison, OH 44057 by first class U.S. mail on December 20, 2011.

s/Tracy A. Jacobs
TRACY A. JACOBS